UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In re:                                        :

JAMES R. URBAN, JR.                    :      BK No. 06-11527
            Debtor                            Chapter 11
- - - - - - - - - - - - - - - - - - -x

### ORDER DIRECTING DEBTOR TO EXECUTE CLOSING DOCUMENTS, ETC.

Heard on the Motion of Timothy Curry and Steven Ouellett (the "Purchasers") to compel the Debtor to execute documents and to cooperate in a closing regarding property of the bankruptcy estate on Prudence Island, Rhode Island (the "Property"). On June 1, 2007, the Debtor caused to be filed a Notice of Intended Sale, indicating that he wished to sell the Property to the Purchasers for $600,000. The Notice of Sale contained a Purchase and Sale Agreement duly executed by the Debtor and the Purchasers, and provided that the sale was subject to Bankruptcy Court Approval. The Notice also allowed other interested parties the opportunity to make higher bids for the Property. Pursuant to the Notice of Sale, the Debtor received a higher bid and an auction was held at the Bankruptcy Court on June 28, 2007. Curry and Ouellett were the highest bidders and agreed to pay $755,000 for the Property. The Debtor asked the Court to approve the sale, and on July 10, 2007, an Order entered approving the sale to the Purchasers for $755,000.

The Debtor has refused to attend a scheduled closing or to execute closing documents. At hearings conducted on the instant

BK No. 06-11527

motion, the Debtor indicated, without proof, that he may have a

buyer willing to pay substantially more (approximately twice the

agreed upon purchase price) for the Property.  On August 17, 2007,

at a preliminary hearing on the Motion to Compel, the Court advised

the Debtor that he should be prepared to present his opposition to

the motion at a continued hearing on September 5, 2007.[1]  The

Debtor appeared at the September 5 hearing without new counsel, but

presented no evidence in support of his allegation that the sale

price was too low.  There is no suggestion that the auction process

was conducted improperly, or that the Purchasers are not acting in

good faith.  Quite to the contrary, both Purchasers, who are

abutting owners of the Property, have refinanced their personal

residences in order to acquire the Property.  Obviously, to allow

the Debtor to walk away from his contract without reason would be

severely prejudicial to the Purchasers.

Therefore, upon consideration of the evidence, the arguments

and the record in this case, the Motion to Compel is GRANTED, and

it is ORDERED:  (1) that James R. Urban, Jr., shall execute all

required documents for the transfer of the Property; (2) a closing

---

[1]  The matter was continued as an accommodation to permit the Debtor to resolve his differences with his attorney, who was seeking to withdraw as counsel.

BK No. 06-11527

shall occur on or before September 19, 2007; (3) Mr. Urban shall

remove his personal property within a time frame that is agreeable

to the Purchasers; and (4) the Court, sua sponte, will assume that

Mr. Urban has requested a stay pending appeal and DENY the same,

thereby enabling Urban to immediately seek relief in the appellate

forum of his choice.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this      6th        day of

September, 2007.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 9/6/2007

3